Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Yana A. Hart, Esq. (SBN: 306499)
yana@westcoastlitigation.com
**HYDE & SWIGART**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

Daniel G. Shay, Esq. (SBN: 250548)
danielshay@tcpafdcpa.com
**LAW OFFICE OF DANIEL G. SHAY**
409 Camino Del Rio South, Ste 101B
San Diego, CA 92108
Telephone: (619) 222-7429
Facsimile: (866) 431-3292

*Attorneys for Plaintiff*
*Christina Wiseman*

[Additional attorneys on signature page]

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA WISEMAN, <br><br> Plaintiff, <br><br> vs. <br><br> BLUESTEM BRANDS, INC. & WEBBANK, INC., <br><br> Defendants. | CASE NO. **'17CV1707 CAB MDD** <br><br> COMPLAINT FOR DAMAGES <br><br> THE CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE 1788 ET. SEQ. <br><br> THE TELEPHONE CONSUMER PROTECTION ACT (TCPA), 47 U.S.C. § 227 ET SEQ. <br><br> NEGLIGENCE <br><br> JURY TRIAL DEMANDED |

1

Complaint for Damages

## INTRODUCTION

1. Christina Wiseman ("Plaintiff") brings this action for damages and any other available legal or equitable remedies, resulting from the illegal actions of Bluestem Brands, Inc. and WebBank, Inc. (collectively "Defendants") and present, former, or future direct and indirect parent companies, subsidiaries, affiliates, agents, and/or related entities for willfully violating debt collection laws. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorney.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deception collection practices undermine the public confidence that is essential to the continued function of the banking and credit system and sound extension of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. Plaintiff brings this Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendants in negligently or intentionally contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

4. The TCPA was designed to prevent calls and messages like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff.

Complaint for Damages

"Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

5. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id*. at § 12; see also *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

6. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." *Id*. at §§ 12-13. *See also*, *Mims*, 132 S. Ct. at 744.

7. As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case regarding calls similar to this one:

> The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a

3

Complaint for Damages

landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

## JURISDICTION AND VENUE

8. This Court has federal question jurisdiction because this case arises out of violation of the TCPA, 47 U.S.C. § 227 et seq.

9. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367 for supplemental state claims.

10. This action arises out of Defendants' violations of the TCPA, 47 U.S.C. § 227 et seq., the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("RFDCPA"), and state law negligence.

11. Venue is proper in the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (i) at all material times hereto, Plaintiff resided in the County of San Diego, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and (iii) many of the acts and transactions giving rise to this action occurred in this district because Defendants, personal jurisdiction is established.

## PARTIES

12. Plaintiff is, and at all times mentioned herein was, an individual citizen and resident of the State of California, County of San Diego, in this judicial district. Plaintiff is, and at all times mentioned herein was, a "person" as defined by Cal. Civ. Code § 1788.2(g) and by 47 U.S.C. § 153 (39), and a "debtor" as the term is defined by Cal. Civ. Code § 1788.2(h).

13. Plaintiff is informed and believes, and thereon alleges, that Bluestem Brands, Inc. operates Gettington.com ("Bluestem" or "Defendant") is, and at all times mentioned herein was, a corporation registered in Delaware with its principal

4
Complaint for Damages

place of business in Minnesota. Plaintiff alleges that at all times relevant herein it conducted business in the State of California, in the County of San Diego, within this judicial district. Bluestem is, and at all times mentioned herein was, a "debt collector" as the term is defined by Cal. Civ. Code § 1788.2(b). Plaintiff's Bluestem account is issued by WebBank, Inc. Bluestem is, and at all times mentioned herein, a "person," as defined by 47 U.S.C. § 153 (39).

14. Plaintiff is informed and believes, and thereon alleges, that WebBank, Inc. ("WebBank" or "Defendant") is, and at all times mentioned herein was, a corporation registered in Utah with its principal place of business in Utah. Plaintiff alleges that at all times relevant herein it conducted business in the State of California, in the County of San Diego, within this judicial district. WebBank is, and at all times mentioned herein was, a "debt collector" as the term is defined by Cal. Civ. Code § 1788.2(b). WebBank is, and at all times mentioned herein, a "person," as defined by 47 U.S.C. § 153 (39).

## FACTUAL ALLEGATIONS AND DISCUSSION

15. Around 2015 Plaintiff incurred a "consumer debt" as that term is defined under Cal. Civ. Code § 1788.2(f) and a "debt" as that term is defined by 15 U.S.C. § 1692(a)(5) for items purchased from Bluestem on Gettington.com with a credit account issued by WebBank.

16. Defendants attempted to collect the debt and, as such, engaged in "debt collection" as defined by Cal. Civ. Code § 1788.2(b).

17. On August 17, 2016 Defendants called Plaintiff at her new job in attempt to collect the debt while her coworkers and supervisor were nearby. Defendants called from the telephone number 866-625-7298 using an ATDS, on information and belief.

18. On August 24, 2016, Plaintiff's attorney Daniel G. Shay ("Attorney") sent two Cease and Desist letters to Defendants in regard to Plaintiff's Gettington account issued by WebBank. These Cease and Desist letters included an official change

5
Complaint for Damages

of address request, a Power of Attorney, all of Attorney's contact information and served as written Notice of Representation. Attorney sent the Cease and Desist letters by First Class U.S. Mail to Defendants' addresses in Saint Cloud, Minnesota.

19. Nevertheless, Defendants continued communicating directly with Plaintiff attempting to collect the debt.

20. On or around August 26, 2016, Defendants called Plaintiff's cellular telephone about Plaintiff's Gettington account issued by WebBank in attempt to collect the debt. Defendants called Plaintiff from the telephone number 866-625-7298.

21. On or around August 28, 2016, Defendants called Plaintiff's cellular telephone three times about Plaintiff's Gettington account issued by WebBank in attempt to collect the debt. Defendants called from the telephone number 866-625-7298.

22. On or around August 29, 2016, Defendants called Plaintiff's cellular telephone two times about Plaintiff's Gettington account issued by WebBank in attempt to collect the debt. Defendants called from the telephone number 866-625-7298.

23. On information and belief, the aforementioned calls made by Defendants from the telephone number 866-625-7298 to Plaintiff's cellular telephone were made using an ATDS.

24. On or around October 15, 2016, Defendants mailed Attorney a debt collection letter, evidencing Defendants' knowledge of Plaintiff's representation as well as Attorney's contact information.

25. By continuing to contact Plaintiff regarding this alleged debt, Defendants violated Cal. Civ. Code § 1788.17 regarding 15 U.S.C. § 1692b(6) by communicating with Plaintiff directly despite Attorney's correspondence notifying Defendants of Attorney's representation with respect to the alleged debt.

26. By continuing to contact Plaintiff regarding this alleged debt, Defendants violated Cal. Civ. Code § 1788.17 regarding 15 U.S.C. § 1692d by engaging in

conduct the natural consequence of which were to harass, oppress, or abuse a person in connection with the collection of a debt.

27. By continuing to contact Plaintiff regarding this alleged debt, Defendants violated Cal. Civ. Code § 1788.17 regarding 15 U.S.C. § 1692c(e) by continuing contacting Plaintiff despite Attorney's written Cease and Desist correspondence.

28. Through this conduct, Defendants violated Cal. Civ. Code § 1788.17 regarding 15 U.S.C. § 1692f by using unfair and unconscionable means in connection with the collection of Plaintiff's debt.

29. By continuing to contact Plaintiff regarding this alleged debt, Defendants violated Cal. Civ. Code § 1788.11(e) by communicating by telephone with a represented Plaintiff, despite Attorney's Cease and Desist letters, with intent to harass Plaintiff in connection with the collection of a debt.

30. By continuing to contact Plaintiff regarding this alleged debt, Defendants violated Cal. Civ. Code § 1788.14(c) by contacting Plaintiff directly despite Attorney's correspondence notifying Defendants of Attorney's representation of Plaintiff in connection with the collection of a debt.

31. Plaintiff did not provide "prior express consent" to Defendants to place telephone calls to Plaintiff's cellular telephone and her work telephone utilizing an ATDS as proscribed under 47 U.S.C. § 227(b)(1)(A).

32. Further, Plaintiff specifically revoked any consent (which Defendants may have mistakenly believed existed), when Attorney sent the Cease and Desist letters.

33. Through this action, Plaintiff suffered an invasion of her legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

34. Plaintiff was personally affected because she was frustrated and distressed that Defendants called her work, and despite the Cease and Desist letters, Defendants continued to harass Plaintiff with calls using an ATDS.

35. Plaintiff is informed and believes and here upon alleges, that these calls were made by Defendants or Defendants' agents, with Defendants' permission, knowledge, control and for Defendants' benefit.

36. Defendants' calls forced Plaintiff to live without the utility of Plaintiff's cell phone by forcing her to silence her cell phone and/or block incoming numbers.

37. The telephone number Defendants called was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227 (b)(1).

38. These telephone calls constitute calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

39. These telephone calls by Defendants or their agents violated 47 U.S.C. § 227(b)(1).

## FIRST CAUSE OF ACTION
### VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
### CAL. CIV. CODE § 1788, ET SEQ.

40. Plaintiff incorporates by reference the above paragraphs of this complaint.

41. The RFDCPA, Cal. Civ. Code § 1788 *et seq*, prohibits unfair and deceptive acts and practices in the collection of consumer debts.

42. Defendants attempted to collect the debt and, as such, engaged in "debt collection" as defined by Cal. Civ. Code § 1788.2(b).

43. Defendants, in the regular course of business, engage in debt collection and are "debt collectors" as defined by Cal. Civ. Code § 1788.2(c).

44. Defendants communicated with Plaintiff after they knew Plaintiff was represented by an attorney with regard to the subject debt in violation of 15 U.S.C. § 1692b(6) which is incorporated into the RFDCPA by Cal. Civ. Code § 1788.17 and says Defendants shall not communicate with Plaintiff at all;

> "after the debt collector knows the consumer is represented by an attorney with regard to the subject debt and has knowledge of, or can readily ascertain, such attorney's name and address…"

45. Defendants used unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. § 1692f which violates Cal. Civ. Code § 1788.17.
46. Defendants did not comply with 15 U.S.C. §§ 1692b to 1692j as required by Cal. Civ. Code § 1788.17.
47. Defendants willfully and knowingly violated the RFDCPA. As "debt collectors" under the RFDCPA Defendants are fully aware of California's debt collection laws, including the RFDCPA and FDCPA as incorporated therein.
48. A willful violation occurs where the violator intends to do the act which makes up the violation. In the case of *People v. Bell*, 45 Cal. App. 4th 1030, the court found that the Penal Code definitions of "knowingly" and "willfully" were persuasive in determining the intent of Civil Code Sections. The court defined willfully and knowingly as requiring "only that the illegal act or omission occur 'intentionally,' without regard for the motive or ignorance of the act's prohibited character." Defendants' dispatch of the telephone calls to Plaintiff shows a willful and knowing violation of the RFDCPA.
49. Plaintiff is entitled to damages as a result of Defendants' willful violations.
50. Plaintiff is also entitled to an award of attorney fees, costs, interest and any other relief the Court deems just and proper.

**SECOND CAUSE OF ACTION**
**NEGLIGENT VIOLATIONS OF THE**
**TELEPHONE CONSUMER PROTECTION ACT (TCPA)**
**47 U.S.C. § 227**

51. Plaintiff repeats, re-alleges, and incorporates by reference, all of the above paragraphs of this Complaint as though fully stated herein.
52. The foregoing acts and omissions constitute numerous and multiple violations of the TCPA, including but not limited to each and every one of the above-cited provisions of the TCPA, 47 U.S.C. 227 et. seq.

Complaint for Damages

53. As a result of Defendants' negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

54. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

**THIRD CAUSE OF ACTION**
**KNOWING AND/OR WILLFUL VIOLATIONS OF THE**
**TELEPHONE CONSUMER PROTECTION ACT (TCPA)**
**47 U.S.C. § 227**

55. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs of this Complaint as though fully stated herein.

56. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

57. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

**FOURTH CAUSE OF ACTION**
**NEGLIGENCE**

58. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

59. Defendants owed a duty of care to Plaintiff to reasonably protect Plaintiff's privacy rights, and to avoid harassing Plaintiff by contacting her at work and after receiving Attorney's Cease and Desist letters.

60. Defendants' conduct proximately caused injuries to Plaintiff.

61. Due to Defendants' conduct as set forth herein, Plaintiff is entitled to actual damages in an amount to be established at trial.

Complaint for Damages

62. Plaintiff believes and alleges that Defendants' conduct of calling Plaintiff at work and multiple times following Attorney's Cease and Desist letters constituted oppressive, malicious, despicable, gross and wantonly negligent behavior, which demonstrates Defendants' conscious disregard for the rights of Plaintiff.  As such, Plaintiff is entitled to recover punitive damages from Defendants in an amount according to proof at trial.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendants:

**FIRST CAUSE OF ACTION**
**THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**
**CAL. CIV. CODE § 1788, ET SEQ.**

63. As a result of Defendants' willful violations of Cal. Civ. Code § 1788, *et seq*, Plaintiff seeks actual damages pursuant to Cal. Civ. Code § 1788.30(a);

64. Statutory damages of $1,000.00 for violation of Cal. Civ. Code § 1788, *et seq* pursuant to Cal. Civ. Code § 1788.30(b);

65. Cumulative statutory damages of $1,000.00 for violations of 15 U.S.C. § 1692 *et seq* pursuant to 15 U.S.C. § 1692k(a)(2) via Cal. Civ. Code § 1788.17 that reads;

> "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

And Cal. Civ. Code § 1788.32 that reads;

> "The remedies provided herein are intended to be cumulative and are in addition to any other procedures, rights, or remedies under any other provision of law."

66. Attorney fees and costs pursuant to Cal. Civ. Code § 1788.30(c);

11

Complaint for Damages

67. As a result of Defendants' negligence, Plaintiff is entitled to money damages in an amount to be proven at trial; and

68. An award of punitive damages, in an amount to be adduced at trial, from Defendants; and

69. Interest and any other relief the Court deems just and proper.

## SECOND CAUSE OF ACTION
## NEGLIGENT VIOLATIONS
## OF THE TCPA, 47 U.S.C. § 227 ET. SEQ.

70. Statutory damages of $500.00 for each negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

71. Pursuant to 47 U.S.C § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future; and

72. Interest and any other relief the Court deems just and proper.

## THIRD CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF
## THE TCPA, 47 U.S.C. § 227 ET. SEQ.

73. Statutory damages of $1,500.00 for each knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

74. Pursuant to 47 U.S.C § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future; and

75. Interest and any other relief the Court deems just and proper.

## FOURTH CAUSE OF ACTION
## NEGLIGENCE

76. As a result of Defendants' negligence, Plaintiff is entitled to money damages in an amount to be proven at trial,

77. An award of punitive damages, in an amount to be adduced at trial, from Defendants, and

78. Interest and any other relief the Court deems just and proper.

## TRIAL BY JURY

12

Complaint for Damages

80. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Date: August 23, 2017                                HYDE & SWIGART

By: s/ Joshua B. Swigart
Joshua B. Swigart, Esq.
josh@westcoastlitigation.com

*Attorney for Plaintiff*
*Christina Wiseman*

Additional Attorneys for Plaintiff:

Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
**KAZEROUNI LAW GROUP, APC**
245 Fischer Avenue
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

Complaint for Damages